EMBRY, Justice.
This is an appeal from the trial court’s grant of a motion to dismiss the plaintiffs’ amended complaint in a fraud case. We reverse.
The plaintiffs’ complaint, first filed on 3 February 1984, and later amended, alleged that, in January of 1983, plaintiffs L.Z. and Vurnie Hayden, and defendant James Carr-away (sales agent for Fire Insurance Company of Quaker City), negotiated a fire insurance contract. At that time, they allege, Carraway induced them to purchase the policy by intentionally misrepresenting that it would not contain a coinsurance clause.
The Haydens received their policy around 1 March 1983. It did contain a coinsurance clause.
On 15 March 1983, the Haydens’ home burned. Fire Insurance Company of Quaker City refused, based on the coinsurance clause in the written policy previously delivered to the Haydens, to pay the full amount of the loss. Mr. and Mrs. Hayden filed suit, alleging they were defrauded.
Defendants submitted a motion to the trial court requesting dismissal. Their motion alleged the complaint fails to state a claim upon which relief can be granted, and that it is apparent, from the pleadings, that the statute of limitations had run before suit was filed.
We cannot conclude, based solely on the complaint, that the Haydens can prove no facts in support of a claim of misrepresentation. Neither is it apparent, from the complaint, that Mr. and Mrs. Hayden should have discovered the fraud, if any, more than one year prior to the date suit was filed.
The trial court’s order indicates that documents not a part of the record were considered by that court in rendering a decision on the motion for dismissal. These documents, and thg facts contained therein, would more appropriately have been considered on motion for summary judgment.
For the above reasons, the judgment below is due to be, and is hereby, reversed, and this case remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.